IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: | Chapter 7 |
| David G. Baker, DEBTOR | Case No. 09-11296 |
| Mountain 1st Bank & Trust Plaintiff/Creditor | |
| v. | Adversary Proceeding No. |
| David G. Baker Defendant/Debtor | |
| and | |
| Harriette L. Baker Defendant / Spouse of Debtor | |
| and | |
| Rose Briar, LLC. Defendant | |
| and | |
| Roberts & Stevens, P.A. Defendant/Trustee | |
| and | |
| Buncombe County Tax Collector Defendant/Creditor | |
| and | |

North Carolina Department of Revenue
Defendant/Creditor

and

Internal Revenue Service
Defendant/Creditor

and

Stock Building Supply
Defendant/Creditor

and

Stock Loan Services, LLC
Representing Stock Building Supply
Defendant/Creditor

and

Asheville Savings Bank
Defendant/Creditor

and

Aurora Loan Servicing, LLC
Defendant/Creditor

and

Bank of America
Defendant/Creditor

and

Bank of Asheville
Defendant/Creditor

and

CitiMortgage
Defendant/Creditor

and

HomeTrust Bank
Defendant/Creditor

and

Jeff Cockrum
Defendant/Creditor

and

National Bank of SC
Defendant/Creditor

and

Haywood County Tax Collector
Defendant/Creditor

and

Beneficial
Defendant/Creditor

and

Capital One
Defendant/Creditor

and

Carl Robinson
Defendant/Creditor

and

Citibank
Defendant/Creditor

and

Citifinancial
Defendant/Creditor

and

Cliff Communities, Inc.
Defendant/Creditor

and

David R. Payne, P.A.
Defendant/Creditor

and

| | |
|---|---|
| Home Depot<br>Defendant/Creditor<br><br>and<br><br>Kevin Dodson<br>R&K Construction<br>Defendant/Creditor<br><br>and<br><br>Lowes<br>GE Consumer Finance Bankruptcy Dept.<br>Defendant/Creditor<br><br>and<br><br>Murchison, Taylor & Gibson, PLLC.<br>Defendant/Creditor<br><br>and<br><br>US Health Career<br>Defendant/Creditor<br><br>and<br><br>Waightstill Mtn POA<br>Defendant/Creditor<br><br>and<br><br>Wilmington Wellness Group, PA<br>Defendant/Creditor<br><br>and<br><br>Young Creative Associates, Inc.<br>Defendant/Creditor | |

## COMPLAINT FOR REFORMATION OF SUBSTITUTION OF COLLATERAL INSTRUMENT AND REMOVAL OF PROPERTY FROM THE BANKRUPTCY ESTATE

**PURSUANT TO** 11 U.S.C. §§ 323, 361, 363, 365 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, Mountain 1st Bank & Trust, by and through counsel, hereby respectfully alleges, says and shows the Court as follows:

## PARTIES AND JURISDICTION

1. Mountain 1st Bank & Trust is a North Carolina banking corporation authorized to, and conducting business in the State of North Carolina.

2. Upon information and belief, Defendant, David G. Baker is an individual citizen and resident of the State of North Carolina.

3. Defendant, David G, Baker is the Debtor who initiated this Chapter 7 bankruptcy proceeding by filing a voluntary petition on November 24, 2009 in the United States Bankruptcy Court for the Western District of North Carolina, Asheville Division.

4. Upon information and belief, Defendant Harriete L. Banker, Defendant, is the spouse of the Debtor, and an individual citizen and resident of the State of North Carolina.

5. Rose Briar, LLC, Defendant, is a North Carolina limited liability company conducting business in the State of North Carolina.

6. Roberts & Stevens, P.A., Defendant/Trustee, has been appointed by the Court as the Trustee in this bankruptcy proceeding, and it is being named as a party in this adversary proceeding as a proper party in connection with the claims raised herein and for the further reason that this adversary proceeding constituted the objection to discharge by the plaintiff/creditor.

7. The Buncombe County Tax Collector, Defendant/Creditor, is named as a party in this adversary proceeding as a proper party, upon information and belief that it has a tax lien on the property which is the subject of this adversary proceeding, and as a named creditor in this bankruptcy proceeding.

8. The North Carolina Department of Revenue is an agency of the State of North Carolina, and is named as a party in this adversary proceeding as a proper party as a named creditor in this bankruptcy proceeding.

9. The Internal Revenue Service is an agency of the United States, and is named as a party in this adversary proceeding as a proper party as a named creditor in this bankruptcy proceeding.

10. Stock Building Supply is named as a party in this adversary proceeding as a proper party, upon information and belief that it has a lien on property which is the subject of this adversary proceeding and as a named creditor in this bankruptcy proceeding.

11. Stock Loan Services, LLC is named as a party in this adversary proceeding as a proper party, upon information and belief that it has a lien on the property which is the subject of this adversary proceeding and as a named creditor in this bankruptcy proceeding.

12. Asheville Savings Bank; Aurora Loan Servicing, LLC; Bank of America; Bank of Asheville; Citimortgage; HomeTrust Bank; Jeff Cockrum; National Bank of SC; Haywood County Tax Collector; Beneficial; Capital One; Carl Robinson; CitiBank; CitiFinancial; Cliff Communities, Inc.; David R. Payne, P.A.; Home Depot; Kevin Dodson; Lowes, GE Consumenr Finance Bankruptcy Dept.; Murchison, Taylor & Gibson, PLLC; US Health Career; Waightstill Mtn. POA; Wilmington Wellness Group, PA; and Young Creative Associates, Inc. are named parties in this adversary proceeding as proper parties as named creditors in this bankruptcy proceeding.

13. This is an action for performance of an executory contract and equitable transfer of title to certain real property inadvertently titled in the personal name of the Debtor.

14. This is an action for equitable reformation of an instrument relating to the Plaintiff's status as a secured creditor and the lien priorities with respect to the real property identified therein.

15. The Court's jurisdiction is invoked pursuant to 11 U.S.C. §§ 157, 323, 361, 363, 365 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, in that this action is a proceeding to determine: (i) the validity, priority, or extent of a lien or other interest in property; and (ii) to compel / permit post-petition performance of an executory contract.

## FACTUAL ALLEGATIONS

16. The allegations contained in paragraphs 1 – 15 above are incorporated herein by reference.

17. Upon information and belief, on March 21, 2007, the Debtor, along with his wife, Harriette L. Baker acquired 1.80± acres off Pearl Street in Black Mountain, North Carolina, as identified in Deed 4377, Pages 859-861 of the records maintained by the Office of the Register of Deeds for Buncombe County, North Carolina. (copies attached hereto as "Exhibit A").

18. Upon information and belief, the purchase of said 1.80± acres off Pearl Street was financed with a promissory note in favor of Plaintiff, and secured by that certain Deed of Trust recorded in Trust/Record Book 4377, Pages 862-873 of the aforesaid registry. (copy attached hereto as "Exhibit B").

19. Upon information and belief, on or about June 13, 2007, the Debtor formed Rose Briar, LLC, a North Carolina limited company, with he and his spouse as the only Member/Managers, for the purpose of developing that 1.80± Acres off Pearl Street, identified in Deed Book 4377, Pages 859-861. (copy of Articles of Incorporation for Rose Briar, LLC attached hereto as "Exhibit C").

20. Upon information and belief, on or about July 3, 2007 – July 6, 2007 the Debtor obtained approval for the creation of a townhome subdivision, comprised primarily of that 1.80± Acres off Pearl Street acquired in that Deed recorded in Deed Book 4377, Pages 859-861, as shown on those plats recorded in Plat Book 129, Page 128 and Plat Book 129, Page 134 of the aforesaid registry (herein "Rose Briar Townhomes"). (copies of said plats attached hereto as "Exhibit D").

21. Upon information and belief, on or about July 6, 2007 the Debtor transferred title ownership of individual townhome lots (Lots 1, 2, 3 & 4) as depicted on the aforementioned plats to Rose Briar, LLC for the purpose of constructing townhome dwelling units upon such Lots. (copies of recorded deeds for Lots 1, 2, 3 & 4 attached hereto as "Exhibit E").

22. Upon information and belief, on or about July 6, 2007 the Plaintiff financed the construction of townhome dwelling units on Lot 1 and Lot 2, with Rose Briar, LLC as obligor, secured by those Deeds of Trust recorded in Trust/Record Book 4431, Pages 1261-1272 and Trust/Record Book 4431, Pages 1247-1258 of the aforesaid registry. (copies of Trust/Record Book 4431, Pages 1261-1272 and Trust Book 4431, Pages 1247-1258 attached hereto as "Exhibit F"). The balance of the amounts owed by the Debtor pursuant to that promissory note secured by that Deed of Trust recorded in Trust/Record Book 4377, Pages 862-873 was paid through new financing to Rose Briar, LLC, secured with liens on Lot 3 & Lot 4 in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry. (copy of Trust/Record Book 4431, Pages 1233-1244 attached hereto as "Exhibit G").

23.     Upon information and belief, on or about April 4, 2008 Rose Briar, LLC obtained new construction financing for the construction of townhome dwelling units on Lot 3 and Lot 4 from Defendant/Creditor, Stock Loan Services, LLC, as evidenced by those Deeds of Trust recorded in Trust/Record Book 4546, Pages 1120-1135 and Trust/Record Book 4546, Pages 1138-1152 of the aforesaid registry. (copies of Trust/Record Book 4546, Pages 1120-1135 and Trust/Record Book 4546, Pages 1138-1152 attached hereto as "Exhibit H").

24.     Upon information and belief, Defendant/Creditor, Stock Loan Services, LLC, was only willing to provide financing for construction on the condition that the obligations owed to Plaintiff were satisfied or released with respect to Lot 3 and Lot 4.

25.     Upon information and belief, an agreement was entered into by and among Rose Briar, LLC; the Debtor; the Debtor's spouse, and Plaintiff, whereby the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes would be transferred to Rose Briar, LLC and substituted as collateral for the sums owed to Plaintiff as secured by Lot 3 and Lot 4, as set forth in that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244.

26.     Upon information and belief, on or about April 14, 2008, the legal counsel for Debtor prepared a Substitution of Collateral instrument, as recorded in Record Book 4562, Pages 1710-1712 and re-recorded in Record Book 4584, Pages 623-626 of the aforesaid registry (herein "Substitution of Collateral"). (copy attached hereto as "Exhibit I").

27.     Upon information and belief, it was the intent of the Debtor; Debtor's spouse; Rose Briar, LLC; and Plaintiff that legal title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes be transferred to Rose Briar, LLC concurrently with the new financing from Stock Loan Services, LLC and the Substitution of Collateral. This intent is evidenced by the exclusion of the Debtor and Debtor's spouse, individually, as necessary parties to the Substitution of Collateral instrument. This intent is further evidenced by the notation of such property as being an asset of Rose Briar, LLC on Schedule B of the Debtor's voluntary petition were he indicates his personal property interest in Rose Briar, LLC.

28.     Upon information and belief, the preparer of said Substitution of Collateral instrument inadvertently, through a mutual mistake of fact and clerical error either: (i) failed to prepare and record a Deed transferring legal title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC; or (ii) failed to include Debtor and Debtor's spouse, individually, as necessary parties, as title owners of the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes.

29.     Upon information and belief, the Debtor and the Debtor's spouse both executed the Substitution of Collateral instrument as Member/Managers of Rose Briar, LLC, and in so doing were aware of the terms and intent of the Substitution of Collateral instrument.

30.     The failure to transfer legal title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC; or in the alternative, the omission of the Debtor and Debtor's spouse, individually, as necessary parties to the Substitution of Collateral instrument prepared by Debtor's legal counsel constitutes a mutual mistake of fact.

31. Upon information and belief, the intent of all parties was for the Substitution of Collateral instrument to formalize the agreement among the parties to effectively and legally Substitute the first lien held by Plaintiff in Lot 3 and Lot 4 with a first lien against remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes.

32. The Plaintiff's obtaining a first lien with respect to remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes constituted vital consideration for its release of its lien with respect to Lot 3 and Lot 4 of the Rose Briar Townhomes, as set forth in the Substitution of Collateral instrument.

33. The remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes were unencumbered at the time the flawed Substitution of Collateral insturment was recorded.

34. Upon information and belief the procedural and legal requirements for establishing the Rose Briar Townhome community, as set forth in the North Carolina Planned Community Act have not been satisfied, and no declaration of planned community with respect to the Rose Briar Townhome community has been recorded.

35. Lot 1, Lot 2, Lot 3 and Lot 4, as set forth on the plats for Rose Briar Townhome community are entitled to various easements and rights of way over, under and upon the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes.

36. The value and marketability of Lot 1, Lot 2, Lot 3 and Lot 4 of the Rose Briar Townhome community are significantly impacted by the lack of formal documents legally establishing the community in accordance with the North Carolina Planned Community Act.

37. Upon information and belief the Debtor has, either individually or as Manager of Rose Briar, LLC, made agreements, representations and warranties with respect to the documentation legally establishing the Rose Briar Townhome community as shown on the plats thereof, and completion of improvements to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes. Said representations and warranties have the potential to raise additional claims against the Debtor's bankruptcy estate if title to the remaining portions of property comprising the Rose Briar Townhomes remains in the Debtor's name.

38. The owner of the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes is responsible to the owners of Lot 1, Lot 2, Lot 3 and Lot 4 of the Rose Briar Townhome community for the completion of improvements, designation of easements and rights of way, and formalization of the community in accordance with the North Carolina Planned Community Act. Responsibilities relating to completion of the development have the potential to raise additional claims against the Debtor's bankruptcy estate if title to the remaining portions of property comprising the Rose Briar Townhomes remains in the Debtor's name.

39. Harriette L. Baker is named in this proceeding as a Defendant, as she is a necessary party to the reformations prayed for herein.

40. Rose Briar, LLC is named in this proceeding as a Defendant, as it is a necessary party to the reformations prayed for herein.

41.     Roberts & Stevens, P.A. is named in this proceeding as a Defendant since it serves as Trustee of the Debtor's bankruptcy estate.

42.     Stock Loan Services, LLC is named in this proceeding as a Defendant since it is the purported first lien holder with respect to Lot 3 and Lot 4 of the Rose Briar Townhomes.

43.     All other named Defendants are named as creditors of the Debtor's bankruptcy estate, as set forth in the Debtor's voluntary petition.

## FIRST CLAIM FOR RELIEF
(Claim for Performance under an Executory Contract and Reformation of Substitution of Collateral)

44.     The allegations contained in paragraphs 1 – 43 above are incorporated herein by reference.

45.     The Debtor and the Debtor's spouse entered into an agreement and contract to convey their title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC.

46.     It was the intent of the Debtor; the Debtor's spouse; Rose Briar, LLC; Stock loan Services, LLC; and Plaintiff that Rose Briar, LLC have all duties and liabilities with respect to the completion of improvements and development of the Rose Briar Townhome community in compliance with the terms of the North Carolina Planned Community Act.

47.     The Substitution of Collateral instrument, specifically provides that: "It is the express intention and purpose of the parties hereto that the property shown on Exhibit 'A' [the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes] attached hereto shall in all respects be substituted for the property originally conveyed in the Deed of Trust [Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244]."

48.     The Debtor; the Debtor's spouse; Rose Briar, LLC; and Plaintiff intended that the real property owned by the Debtor, being the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes would be substituted as collateral, in a first lien position, for the obligations owed to Plaintiff as set forth in that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry, and such intent was explicitly expressed in the Substitution of Collateral instrument.

49.     The transfer of title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC was an essential step in the process of substituting collateral prior to the execution and recording of the Substitution of Collateral instrument.

50.     The Defendant/Creditor, Stock Loan Services, LLC relied upon the validity and enforceability of the Substitution of Collateral instrument, specifically with respect to the release and substitution of collateral enabling them to secure a first lien position with respect to Lot 3 and Lot 4 of Rose Briar Townhomes.

51.     The failure to prepare and record a deed conveying title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC prior to the recording of the Substitution of Collateral instrument constitutes a mutual mistake of fact.

52. The interests of justice and equity require that the Debtor and the Debtor's spouse execute and record a deed conveying title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC, and that such Deed relate back in time such that the Substitution of Collateral instrument shall constitute a first lien in favor of the Plaintiff, and to provide the vital consideration required to validate the release of Plaintiff's first lien with respect to Lot 3 and Lot 4 as set forth in that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry.

53. The transfer of legal title prayed for herein and the reformation of the Substitution of Collateral instrument will not result in harm, prejudice or impair the claims of the Debtor, nor any of the Defendants or Creditors, and will avoid additional claims and liability against the Debtor's bankruptcy estate.

54. The transfer of legal title prayed for herein and the reformation of the Substitution of Collateral instrument is appropriate to effectuate the intended terms of the agreement by and among the Debtor; Debtor's spouse; Rose Briar, LLC; Stock Loan Services, LLC; and the Plaintiff, since clear, cogent and convincing evidence establishes that all parties intended that title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes be transferred to Rose Briar, LLC and serve as substituted collateral for sums owed to Plaintiff.

55. Absent the transfer of legal title prayed for herein and the reformation of the Substitution of Collateral instrument, the release of Lot 3 and Lot 4 contained therein is void for lack of vital consideration to Plaintiff; thereby harming, prejudicing and impairing the claims of the Defendant/Creditor, Stock Loan Services, LLC.

56. Absent the transfer of legal title prayed for herein, the Debtor's estate will incur additional claims and liabilities relating to the development of the Rose Briar Townhome community in compliance with the terms of the North Carolina Planned Community Act.

57. Post-petition performance of executory contracts and reformation applies to cases in which there has been a mutual mistake of fact by the parties. The mistake also extends to the draftsman who prepares instruments in error.

58. This Court has jurisdiction over this matter, sufficient to compel performance of the executory contract to convey legal title, to reform the Substitution of Collateral instrument to conform to the intent of its intended parties, and to confirm the intended and agreed lien priorities with respect to assets of the Debtor's estate.

## SECOND / ALTERNATE CLAIM FOR RELIEF
(Claim for Reformation of Substitution of Collateral)

59. The allegations contained in paragraphs 1 – 43 above are incorporated herein by reference.

60. The Substitution of Collateral instrument, specifically provides that: "It is the express intention and purpose of the parties hereto that the property shown on Exhibit 'A' [the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes] attached hereto shall in all respects be substituted for the property originally conveyed in the Deed of Trust [Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244]."

61. The Debtor; the Debtor's spouse; Rose Briar, LLC; and Plaintiff intended that the real property owned by the Debtor, being the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes would be substituted as collateral, in a first lien position, for the obligations owed to Plaintiff as set forth in that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry, and such intent was explicitly expressed in the Substitution of Collateral instrument.

62. The Defendant/Creditor, Stock Loan Services, LLC relied upon the validity and enforceability of the Substitution of Collateral instrument, specifically with respect to the release and substitution of collateral enabling them to secure a first lien position with respect to Lot 3 and Lot 4 of Rose Briar Townhomes.

63. The omission of the Debtor and the Debtor's spouse from the Substitution of Collateral instrument constitutes a mutual mistake of fact.

64. The interests of justice and equity require that the Substitution of Collateral instrument be reformed to accurately reflect the agreement of the parties thereto, and to provide the vital consideration required to validate the release of Plaintiff's first lien with respect to Lot 3 and Lot 4 as set forth in that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry.

65. The reformation of the Substitution of Collateral instrument, by necessity with respect to the consideration for the release contained therein, should relate back and take effect as of its original recording on May 12, 2008, thereby providing Plaintiff with a first lien secured interest in the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes.

66. Reformation of the Substitution of Collateral instrument will not result in harm, prejudice or impair the claims of the Debtor, nor any of the Defendants or Creditors.

67. Reformation of the Substitution of Collateral instrument is appropriate to effectuate the intended terms of the agreement by and among the Debtor; Debtor's spouse; Rose Briar, LLC; and the Plaintiff, since clear, cogent and convincing evidence establishes that all parties intended that the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes serve as substituted collateral for sums owed to Plaintiff.

68. Absent reformation of the Substitution of Collateral instrument, the release of Lot 3 and Lot 4 contained therein is void for lack of vital consideration to Plaintiff; thereby harming, prejudicing and impairing the claims of the Defendant/Creditor, Stock Loan Services, LLC.

69. Reformation applies to cases in which there has been a mutual mistake of fact by the parties. The mistake also extends to the draftsman who prepares instruments in error.

70. This Court has jurisdiction over this matter, sufficient to reform the Substitution of Collateral instrument to conform to the intent of its intended parties and to confirm the intended and agreed lien priorities with respect to assets of the Debtor's estate.

### THIRD / ALTERNATE CLAIM FOR RELIEF
(Claim to void Substitution of Collateral)

71. The allegations contained in Paragraphs 1 – 43 are incorporated herein by reference.

72. The Substitution of Collateral instrument, in its second recital provides: "contemporaneously with the execution of this Substitution of Collateral instrument, the Trustee and Beneficiary [Plaintiff] have released from the lien of said Deed of Trust [being that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry] the property described therein and, as consideration for said release [emphasis added], the Trustor [Rose Briar, LLC] has agreed to convey to the Trustee for the benefit of the Beneficiary the property shown on Exhibit 'A' [the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes] attached hereto and made a part hereof as if said property shown on said Exhibit 'A' had been originally conveyed in the Deed of Trust referred to above".

73. If the Substitution of Collateral instrument was ineffective to establish a valid first lien on the property identified therein on Exhibit "A" to the Plaintiff, then the Plaintiff's release of its lien under that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry is ineffective, as no consideration was given to the Plaintiff for such release.

74. The Plaintiff's priority lien with respect to Lot 3 and Lot 4 of the Rose Briar Townhomes remains in full force and effect due to the legal fact that the Substitution of Collateral instrument is void for lack of consideration.

**WHEREFORE**, Mountain 1st Bank & Trust, by and through counsel, specifically prays unto the Court as follows:

1. That the Court issue an Order on the First Claim for Relief as follows:
   a. Directing that the Debtor and the Debtor's spouse be permitted to execute a deed conveying title to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes to Rose Briar, LLC, as intended by the parties as performance of an executory contract.
   b. Directing that such deed executed and recorded by the Debtor and Debtor's spouse relate back in time to immediately prior to the recording of the Substitution of Collateral instrument, thereby validating Plaintiff's first priority lien with respect to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes, as intended by the terms of the Substitution of Collateral instrument.
   c. Granting relief from stay to permit an action in North Carolina Courts to require the Debtor and Debtor's spouse to execute such deed in the event they shall refuse to execute the same.

2. In the event that the Court shall not grant the Plaintiff's First Claim for Relief, that the Court issue an Order on the Second Claim for Relief as follows:
   a. Directing the Debtor and the Debtor's spouse be permitted to execute a corrective instrument reforming the Substitution of Collateral instrument such that the Substitution of Collateral instrument effectively substitute the properties identified therein in the same manner as if the Debtor and Debtor's spouse had executed the same, as necessary parties at the time of its original execution.
   b. Granting relief from stay to permit an action in North Carolina Courts to require the Debtor and Debtor's spouse to execute such corrective instrument in the event they shall refuse to execute the same.
   c. Directing that the reformation of the Substitution of Collateral instrument relate back to take effect as of the date of its original execution and recording.

    d.    That the lien of the Plaintiff be designated as a secured, first priority lien with respect to the remaining portions of the 1.80± Acres off Pearl Street, identified as "Future Development" on the plats for Rose Briar Townhomes, as intended by the terms of the Substitution of Collateral instrument.

3.    In the event that the Court shall not grant the Plaintiff's First Claim for Relief or Second Claim for Relief, that the Court shall issue an Order on the Third Claim for Relief as follows:

    a.    That the Substitution of Collateral instrument is void for lack of consideration.

    b.    That the purported release of the Plaintiff's secured first priority lien with respect to Lot 3 and Lot 4 of the Rose Briar Townhomes as set forth in the Substitution of Collateral instrument had no legal effect, and the Plaintiff continues to hold a secured, first priority lien with respect to Lot 3 and Lot 4 of the Rose Briar Townhomes, as provided in that Deed of Trust recorded in Trust/Record Book 4431, Pages 1233-1244 of the aforesaid registry.

4.    For such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED THIS** the 13th day of May, 2010.

        s/ William K. Reed
        By:  **WILLIAM K. REED**
        North Carolina State Bar No.  27314
        Attorney for Mountain 1st Bank & Trust
        168-B South Liberty Street
        Asheville, North Carolina 28801
        (828) 252-9747